UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHIRLEY OSTASZEWSKI,

    Plaintiff,

v.

CITY OF WARREN
POLICE OFFICER SCOTT
ZELENOCKS and
CITY OF WARREN,

    Defendants.
_____/

Case No. 2:15-cv-12313
Chief Judge Gerald E. Rosen
Magistrate Judge Anthony P. Patti

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL SUPPLEMENTAL RESPONSES (DE 13)**

Currently before the Court is Defendants' October 19, 2015 motion to compel supplemental responses to Defendant Zelenock's Interrogatories to Plaintiff and Defendant City of Warren's ("City's") Interrogatories and Request for Production of Documents to Plaintiff (DE 13).[1] Earlier today, attorneys Stanley Okoli and Raechel M. Badalamenti appeared before me for oral argument.

Having considered the issues before the Court, as well as the oral argument of counsel for the parties, and for the reasons stated on the record, Defendants'

---

[1] Chief Judge Rosen has referred this motion for hearing and determination (DE 14). Plaintiff has filed a response (DE 15), Defendants have filed a reply (DE 18) and the parties have filed statements of resolved and unresolved issues (DEs 21, 22).

motion to compel supplemental responses (DE 13) is **GRANTED** to the extent it seeks supplementation of answers to certain interrogatories.  Specifically, within fourteen (14) days of the date of this order, Plaintiff **SHALL**, supplement her answers as follows:

- **Zelenock Interrogatory No. 5:**  Include the corresponding case numbers or explain that, after a reasonable, diligent search, the numbers cannot be located.

- **Zelenock Interrogatory No. 7:**  Clarify why the answer to No. 6 is the same as that to No. 7, such as explaining that in the last ten (10) years the only treatment Plaintiff has received is that arising from the incident in question, or amend to differentiate.

- **Zelenock Interrogatory No. 9:**  Verify the addresses and phone numbers of Michael Ostaszewski, Sr., Steven Mertens and Rhiannon Mertens and add the substance of the facts and opinion as to which each of them is expected to testify.

- **Zelenock Interrogatory No. 13 / City Interrogatory Nos. 4-5:**  Consistent with her response to the instant motion (see DE 15 at 3 ¶ 4(d)), include specification of economic damages and categories of non-economic damages sought by Plaintiff (such as pain and suffering, emotional/mental distress, punitive and/or exemplary), as well as any available supporting documentation.

- **Zelenock Interrogatory Nos. 16 & 17 / City Interrogatory Nos. 1 & 2:**  Include the specific facts Rachel Luhring and Sean Ulman may be called upon to testify to at trial, as well as any related witness statements outside of police reports, if Plaintiff is in possession of such items.

- **Zelenock Interrogatory No. 18 / City Interrogatory No. 3:**  Consistent with my foregoing ruling as to Interrogatories 16 & 17 (Luhring and Ulman), include any further information

available regarding Kendall Hubbard[2] or state that, after a reasonable, diligent search, no further information is available.

The supplementation described above SHALL be in writing and under oath in accordance with Fed. R. Civ. P. 33(b)(3),(5). Moreover, the parties are reminded of the ongoing duty to supplement under Fed. R. Civ. P. 26(e) ("Supplementing Disclosures and Responses.").

However, the parties' various requests for an award of fees and costs (DE 31 at 5-6, DE 15 at 4, DE 18 at 4) are **DENIED**. As explained on the record, I find that "other circumstances make an award of expenses unjust[,]" Fed. R. Civ. P. 37(a)(5)(A)(iii), among which was the Court's consideration of the legal issue of how much specificity is required under Fed. R. Civ. P. 26(a)(1)(A)(iii) as to non-economic damages. Moreover, in some cases, Plaintiff's "nondisclosure, response, or objection was substantially justified[,]" Fed. Civ. P. 37(a)(5)(A)(ii), as not all of the relief requested by Defendants was warranted.

IT IS SO ORDERED.

Dated: December 9, 2015    s/Anthony P. Patti
                           Anthony P. Patti
                           UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff's response to Interrogatory No. 18 stated, in part: "Plaintiff states that she is not familiar with Kendall Hubbard." (DE 13-3 at 10.) However, according to Plaintiff's August 25, 2015 witness list, Kendall Hubbard is identified as: "Attending Physician Assistant at St. John Macomb-Oakland Hospital, 11800 E 12 Mile Rd., Warren, MI 48093, who may be relied upon for expert medical testimony[.]" DE 11 at 2 ¶ 12.

I hereby certify that a copy of the foregoing document was sent to parties of record on December 9, 2015, electronically and/or by U.S. Mail.

                                          s/ Michael Williams
                                          Case Manager for the
                                          Honorable Anthony P. Patti