UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHIRLEY OSTASZEWSKI,

       Plaintiff,                            Case No. 15-12313
                                              Hon. Gerald E. Rosen
v.                                            Magistrate Judge Anthony P. Patti

SCOTT ZELENOCKS and
CITY OF WARREN,

       Defendants.
_____/

**ORDER ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     January 31, 2017

PRESENT:    Honorable Gerald E. Rosen
                       United States District Judge

In a report and recommendation ("R & R") issued on December 8, 2016, Magistrate Judge Anthony P. Patti recommends that the Court grant a motion for summary judgment brought by Defendants Scott Zelenocks and the City of Warren. Plaintiff Shirley Ostaszewski filed objections to the R & R on December 22, 2016, and Defendants responded to these objections on January 5, 2017. For the reasons stated below, the Court overrules Plaintiff's objections and adopts the Magistrate Judge's R & R as the opinion of this Court.

As her principal objection to the R & R, Plaintiff argues that the Magistrate Judge erred in determining that her federal claim of excessive force is subject to dismissal because Plaintiff was not "seized" within the meaning of the Fourth Amendment. (*See* R & R at 13-20.) In Plaintiff's view, the cases relied on by the Magistrate Judge in reaching this conclusion are distinguishable, and the facts construed in a light most favorable to her demonstrate that she was, in fact, subject to a "seizure" as this term has been construed in *Terry v. Ohio,* 392 U.S. 1, 88 S. Ct. 1868 (1968), and its progeny.

Unfortunately, Plaintiff failed to address this issue in her response to Defendants' underlying summary judgment motion, but instead has raised this argument for the first time in her objections to the R & R. As the Magistrate Judge observed, the "main focus" of Defendants' motion was the "argument that Plaintiff was never subjected to a seizure," (R & R at 13), and Defendants cited a number of cases in support of this proposition, including one — *McKeown v. Hairston,* No. 05-73244, 2007 WL 1768767 (E.D. Mich. June 15, 2007) — that the Magistrate Judge found particularly instructive in resolving Defendants' motion. Yet, as noted in the R & R, Plaintiff did "not attempt to distinguish — or even discuss — *McKeown* in her response" to Defendants' motion. (R & R at 19.) Indeed, while Plaintiff faults the R & R for "appear[ing] to overlook the Supreme

2

Court's holding in *Terry*," which Plaintiff characterizes as the "seminal case" for determining what constitutes a seizure short of an arrest, (Plaintiff's Objections at 6), it is noteworthy that Plaintiff herself cited *Terry* only in passing in her response to Defendants' motion, and did not advance any sort of argument that the Defendant police officer's encounter with Plaintiff amounted to a "seizure" under *Terry* and its progeny.

Under these circumstances, the Court declines to address Plaintiff's principal objection to the R & R. As the Sixth Circuit has explained, a party generally may not "raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States,* 200 F.3d 895, 902-03 n.1 (6th Cir. 2000); *see also Page v. Commissioner of Social Security,* No. 07-14873, 2009 WL 801723, at *4 (E.D. Mich. March 24, 2009) (emphasizing that "the Magistrates Act was not intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court" (internal quotation marks and citations omitted)). Defendants' argument that Plaintiff was not "seized" could not have been more clearly presented in their motion for summary judgment, and yet Plaintiff failed to contest this argument in her response to that motion. It is too late to do so in her objections to the R & R.

This being the case, Plaintiff's second and final objection does not provide a

basis for disturbing the rulings in the R & R.  As Plaintiff recognizes, the Magistrate Judge's recommended disposition of Plaintiff's state-law claim of assault and battery relied essentially on the same reasoning used to analyze Plaintiff's federal claim of excessive force.  (*See* R & R at 24-25.)  Plaintiff does not contend that the Magistrate Judge erred in concluding that Plaintiff's federal excessive force claim and state-law claim of assault and battery are governed by similar immunity standards; rather, she seemingly suggests that the purported error in the Magistrate Judge's analysis of her federal claim also warrants rejection of the Magistrate Judge's analysis with respect to her state-law claim.  Even assuming that Plaintiff's bare-bones argument on this point does not operate as a waiver of this objection, the Court's rejection of Plaintiff's first (and principal) objection dictates the same outcome as to her remaining objection.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's December 22, 2016 objections to the Magistrate Judge's R & R (docket #33) are OVERRULED.  IT IS FURTHER ORDERED that the Magistrate Judge's December 8, 2016 Report and Recommendation (docket #32) is ADOPTED as the opinion of this Court.  IT IS FURTHER ORDERED, for the reasons stated in the

R & R, that Defendants' April 1, 2016 motion for summary judgment (docket #27) is GRANTED.

           s/Gerald E. Rosen
           United States District Judge

Dated: January 31, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 31, 2017, by electronic and/or ordinary mail.

    s/Julie Owens
    Case Manager, (313) 234-5135